UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAUNA LEE BLAIN,

    Plaintiff(s),

v.

TITANIUM METALS CORPORATION,

    Defendant(s).

Case No.: 2:18-cv-00462-APG-NJK

**Order**

[Docket No. 37]

Pending before the Court is Defendant's motion to seal its motion to enforce the settlement agreement and the attached exhibits. Docket No. 37. Defendant asks the Court to allow its entire motion to enforce the settlement agreement, along with all exhibits, to remain under seal. Docket No. 36. For the reasons discussed more fully below, the motion to seal is hereby **DENIED** without prejudice. Docket No. 37.

**I.    STANDARDS**

There is a strong presumption of public access to judicial files and records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to

the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple*, 727 F.3d at 1221-22 (discussing competitive harm to business and the definition of "trade secret" adopted by the Ninth Circuit). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). A party's burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178.

Any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Florence v. Cenlar Federal Savings & Loan*, 2017 WL 1078637, at *2 (D. Nev. March 20, 2017) (internal citations omitted). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

**II.    ANALYSIS**

   A. Motion to Enforce Settlement

Defendant fails to provide any justification under the relevant standard as to why the motion to enforce the settlement agreement itself should be sealed. *See* Docket No. 36; *see also*

1 *Kamakana*, 447 F.3d at 1179.  In fact, much of the information in Defendant's motion to enforce
2 the settlement agreement can be found in Defendant's motion to seal, which is filed on the public
3 docket.  *See* Docket No. 36; *see also* Docket No. 37.  Further, Defendant fails to demonstrate that
4 any potentially confidential information in the motion to enforce the settlement could not be
5 redacted instead of sealing the entire document.  *See* Docket No. 37.  The Court finds that
6 Defendant fails to demonstrate compelling reasons for sealing the motion itself.

      B.  Exhibits A, B, D, E, and G

Exhibits A, B, D, E, and G are emails between Plaintiff's counsel and Defendant's counsel generally confirming the agreement, discussing the delay, and sending drafts, invoices, revisions and details related to the agreement.  Docket Nos. 36-1, 36-2, 36-4, 36-5, 36-6.  While Defendant submits that sealing is appropriate to avoid disclosing material terms of the settlement agreement, Defendant fails to describe, let alone demonstrate, compelling reasons for sealing these communications.  *See* Docket No. 36.  The Court finds that these general assertions are insufficient to demonstrate compelling reasons sufficiently specific to bar public access to the documents.  *Kamakana*, 447 F.3d at 1178.  Finally, Defendant fails to demonstrate that any potentially confidential information in these exhibits could not be redacted instead of sealing the entire documents.  The Court finds that Defendant fails to demonstrate compelling reasons for sealing exhibits A, B, D, E, and G.

      C.  Exhibits C and F

Exhibit C is the initial proposed mutual release and exhibit F is the final mutual release.  Docket Nos. 36-3, 36-6.  Defendant submits that the parties agreed to not disclose the details, designated the agreement as confidential, and relied on confidentiality in reaching the settlement.  Docket No. 37 at 3.  However, Defendant fails to specifically address how the terms of the mutual release agreement meets the standards for sealing.  *See Kamakana,* 447 F. 3d at 1179; *see also Apple, Inc. v. Samsung Elecs. Co.,* 2012 WL 59886570, at *1 (N.D. Ca. Nov. 29, 2012).  Defendant's conclusory statements that the parties relied on confidentiality when forming the settlement agreement "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents."  *Kamakana*, 447 F.3d at 1178; *see also Scientific Games*

*Corporation v. AGS LLC*, 2017 WL 1228412, at *2 (D. Nev. April 3, 2017). Further, Defendant fails to demonstrate that the request to seal is narrowly tailored and further fails to address whether redaction, rather than sealing, is appropriate. The Court finds that Defendant fails to demonstrate compelling reasons for sealing exhibits C and F.

**III.     CONCLUSION**

For the reasons discussed above, Defendant's motion to seal, Docket No. 37, is **DENIED** without prejudice. Defendant shall file a renewed motion in compliance with this order no later than March 20, 2019. The renewed motion shall make a specific showing that sealing or redaction is appropriate as to each document for which it is sought. The documents filed at Docket No. 36 will remain under seal until the Court makes a determination on the renewed motion.

IT IS SO ORDERED.

Dated: March 14, 2019

                                                    Nancy J. Koppe
                                                    United States Magistrate Judge